UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BRAIN FREEZE BEVERAGE, LLC,                              Case No.: 20-cv-2157

        Plaintiffs,
                                                         **VERIFIED COMPLAINT**

  – against –

THE HARTFORD FINANCIAL SERVICES                          **Jury Trial Demanded**
GROUP, INC. d/b/a THE HARTFORD
INSURANCE GROUP, and
SENTINEL INSURANCE COMPANY, LTD.,

        Defendants.
-------------------------------------------------------------------X

      Plaintiff **BRAIN FREEZE BEVERAGE, LLC**, by its attorneys LEVITT LLP, as and for its Verified Complaint against Defendants THE HARTFORD FINANCIAL SERVICES GROUP, INC. d/b/a THE HARTFORD INSURANCE GROUP, and SENTINEL INSURANCE COMPANY, LTD., respectfully alleges as follows:

## THE PARTIES

    1.    That at all times hereinafter mentioned, the Plaintiff BRAIN FREEZE BEVERAGE LLC ("Plaintiff" and/or "Brain Freeze") was and is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York, with places of business in Brentwood, Suffolk County, New York, Hauppauge, Suffolk County, New York, and Jericho, Nassau County, New York, and all its members residing in New York.

    2.    That upon information and belief, at all times hereinafter mentioned, Defendant THE HARTFORD FINANCIAL SERVICES GROUP, INC. d/b/a THE HARTFORD INSURANCE GROUP is a foreign business corporation incorporated in the State of Delaware,

1

with its principal place of business at One Hartford Plaza, Hartford, Connecticut 06155.

3. That upon information and belief, at all times hereinafter mentioned, Defendant SENTINEL INSURANCE COMPANY, LTD. is a foreign business corporation incorporated in the State of Connecticut, with its principal place of business at One Hartford Plaza, Hartford, Connecticut 06155.

4. That Defendant THE HARTFORD FINANCIAL SERVICES GROUP, INC. d/b/a THE HARTFORD INSURANCE GROUP and Defendant SENTINEL INSURANCE COMPANY, LTD. are collectively referred to as the "Defendants".

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 based on Federal question jurisdiction, and separately, pursuant to 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred, and/or a substantial part of property that is the subject of the action are in the Eastern District of New York.

## FACTS COMMON TO ALL CAUSES OF ACTION

**Plaintiff's Business.**

8. That since in or about 2014, Plaintiff has been involved in the sale of various products, including, but not limited to, frozen beverage mix, supplies, and drink dispensing machinery, to food service customers in the New York City area and Long Island.

9. That Plaintiff's customers consist of primarily seasonal businesses, including, by way of illustration and not limitation: Citifield, various Broadway theaters, Rockaway Beach, and Tobay Beach.

10. That as a result of the primarily seasonal nature of Plaintiff's customers' businesses, approximately ninety percent (90%) of Plaintiff's sales occur during the mid-spring through summer months.

11. That Plaintiff had anticipated 2020 would be a banner year, with purchase commitments having been received from multiple new customers.

**The Hartford Business Interruption Policy.**

12. That at all relevant times, Plaintiff has maintained a Spectrum® Business Owner's policy No. 16 SBA PQ9746 with Defendants, and has purchased policy renewals thereunder (collectively, the "Policy"). That at all relevant times, Plaintiff duly paid substantial premiums under the Policy.

13. That the Policy insured against any covered causes of loss, that is, risks with respect to any of Plaintiff's insured premises, called scheduled premises:

    a.    84 Cain Drive, Brentwood, New York;

    b.    745 Old Willets Path, Unit 314, Hauppauge, New York; and

c.  3 Forsythia Lane, Jericho, New York.

14. That the Policy is an "all-risk" policy, to wit, that it provided thereunder that direct physical loss and/or direct physical damage constitute covered causes of loss, and trigger coverage, unless such loss is expressly excluded.

15. That, as such, the "all-risk" Policy purchased by Plaintiff covered losses caused by global pandemics (or other viruses), such as the novel coronavirus ("COVID-19").

16. That in addition to the "all-risk" coverage described above, the Policy provided for various additional coverages arising under specific circumstances, including, but not limited to, the following:

   a. **Civil Authority Coverage**, to wit, for "the actual loss of Business Income you sustain when access to your 'scheduled premises' is specifically prohibited by order of a civil authority as the direct result of a Covered Cause of Loss to property in the immediate area of your 'scheduled premises'";

   b. **Business Income Coverage**, to wit, that Defendants "will pay for the actual loss of Business Income you sustain due to the necessary suspension of your 'operations' during the 'period of restoration'. The suspension must be caused by direct physical loss of or physical damage to property at the 'scheduled premises'";

   c. **Extended Business Income Coverage**, to wit, where "the necessary suspension of your 'operations' produces a Business Income Loss" payable under this Policy;

   d. **Extra Expense Coverage**, to wit, that Defendants "will pay reasonable and necessary Extra Expense you incur during the 'period of restoration' that you would not have incurred if there had been no direct physical loss or physical damage to property at the 'scheduled premises'" in order "[t]o avoid or minimize the suspension of business and to continue 'operations'"; and

   e. **Equipment Breakdown Coverage**, to wit, that Defendants "will pay for direct physical loss or physical damage caused by or resulting from an Equipment Breakdown Accident to Equipment Breakdown Property", plus a 'coverage extension' that Defendants will "repair or replace Covered Property because of contamination by a hazardous substance".

**Events Culminating in Plaintiff's Filing of a Business Interruption Insurance Claim.**

17. That as a result of the spread of COVID-19, on or about March 7, 2020, New York State Governor Andrew Cuomo declared a State of Emergency.

18. That shortly thereafter, on or about March 11, 2020, the World Health Organization declared that COVID-19 constituted a global pandemic.

19. That on or about March 16, 2020, New York City Mayor Bill DeBlasio issued Emergency Executive Order No. 100, which provided, in pertinent part, as follows:

> WHEREAS, this order is given because of the propensity of the virus to spread person to person and also because the virus physically is causing property loss and damage …

20. That on or about March 20, 2020, Governor Cuomo issued Executive Order No. 202.8 ("EO 202.8"). EO 202.8 amended prior Executive Orders requiring the workforce to stay home from places of business, providing, in pertinent part, as follows:

> Each employer shall reduce the in-person workforce at any work locations by 100% no later than March 22 at 8 p.m.

21. That Governor Cuomo thereafter extended restrictions under his Executive Orders (i.e., the stay-at-home order) through and including – at the earliest – May 15, 2020.

22. That as a result of the Executive Orders, including, but not limited to, EO 202.8, Plaintiff and its personnel have been unable to access Plaintiff's scheduled premises, in particular, those where its machinery and inventory are located.

23. That, according to Suffolk County, New York records, as of May 12, 2020, at least 4,000 documented cases of COVID-19 exist in the hamlet of Brentwood, and at least 374 documented cases exist in the hamlet of Hauppauge, where Plaintiff maintains scheduled premises.

24. That, according to Nassau County, New York records, as of May 12, 2020, at least 260 documented cases of COVID-19 exist in the hamlet of Jericho where Plaintiff maintains scheduled premises.

25. That, based on the foregoing, extensive COVID-19 infection exists in the immediate area of each of Plaintiff's scheduled premises.

26. That upon information and belief, and based on the foregoing, the COVID-19 virus additionally exists at each of Plaintiff's scheduled premises.

27. That upon information and belief, and based on the foregoing, the COVID-19 virus has caused, and continues to cause, direct physical damage and/or direct physical loss by attaching to surfaces at and/or in the immediate area of each of Plaintiff's scheduled premises, including, but not limited to, Plaintiff's machinery and/or inventory.

28. That upon information and belief, COVID-19 remains on surfaces for extended periods of time, the extent of which is presently unknown.

29. That upon information and belief, there is no definitive way presently known to sanitize Plaintiff's inventory of the presence of COVID-19.

30. That upon information and belief, even assuming Plaintiff's inventory could be sanitized of the presence of COVID-19, by virtue of the foregoing Executive Orders, including, but not limited to, EO 202.8, Plaintiff is unable to access the scheduled premises for such sanitizing to occur, and to incur the expense relating to same.

31. That, accordingly, as a result of the Executive Orders, including, but not limited to, EO 202.8, Plaintiff has been forced to halt its business operations, resulting in substantial lost revenues.

32. That upon information and belief, Plaintiff is additionally unable to purchase new products from its manufacturer because it is likewise subject to a 100% workforce stay-at-home order.

33. That, as a result of the foregoing, Plaintiff has been unable to conduct its business.

34. That, as a result the inability of Plaintiff to conduct its business, Plaintiff has lost, and anticipates continuing to lose substantial revenues.

35. That because Plaintiff's product inventory is for use in food service, it has a finite merchantable shelf life, i.e. product expirations.

36. That by virtue of Plaintiff's inability to conduct its business, the value and/or function of Plaintiff's product inventory has been and/or will become seriously impaired, rendering Plaintiff's product inventory unmerchantable.

37. That, as a result of the foregoing, and other covered causes of loss yet to be uncovered, direct physical damage and/or direct physical loss has occurred, and continues to occur at Plaintiff's scheduled premises.

38. That, as a result of the foregoing, and other covered causes of loss yet to be uncovered, a Covered Cause of Loss (as that term is defined under the Policy) has occurred, and continues to occur in the immediate area of Plaintiff's scheduled premises.

39. That, on or about March 20, 2020, Plaintiff caused a timely claim to be filed with Defendants for coverage under the Policy.

40. That, by email dated on or about March 21, 2020 – so, almost immediately after Plaintiff's filing of its claim – Defendants' Associate Claim Representative for Auto and Property Claims, Kevin Ehringer, sent an initial 'soft' claim denial communication.

41. That, by letter from Mr. Ehringer dated on or about March 23, 2020, a mere two days later, Defendants formally denied Plaintiff's claim.

42. That despite Defendants' express promise in the Policy to cover Plaintiff's business interruption direct physical losses and/or losses resulting from a forced government closure, Defendants summarily denied Plaintiff's claim for any business interruption losses related to the Executive Orders and/or COVID-19, without having conducted any meaningful coverage investigation.

43. That all conditions precedent, if any, for the assertion of the causes of action herein have occurred or been performed.

44. That Plaintiff's business losses are continuing in nature, and are anticipated at this time to be approximately One Million Dollars and 00/100 ($1,000,000.00).

**AS AND FOR A FIRST CAUSE OF ACTION
AGAINST DEFENDANTS
(Declaratory Judgment)**

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs "1" through "44" herein above as if each were more fully set forth herein at length.

46. That "[i]n a case of actual controversy," this Court has the authority under the Federal Declaratory Judgment Act to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 22 U.S.C. § 2201. Moreover, "[a]ny such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." *Id*.

47. That, Plaintiff obtained a Policy covering "all risks", which included coverage for losses caused by global pandemics (or other viruses), such as COVID-19.

48. That an actual case or controversy exists regarding Plaintiff's rights and Defendants' obligations under the Policy.

49. That, accordingly, Plaintiff respectfully requests that this Court declare the rights and other legal relations by and between Plaintiff and Defendants, and issue a Declaratory Judgment declaring as follows:

    a. That the losses sustained by Plaintiff in light of the foregoing are covered losses under the Policy; and

    b. That Defendants are obligated to pay Plaintiff for the full amount of their losses to the extent permitted under the Policy.

**AS AND FOR A SECOND CAUSE OF ACTION
AGAINST DEFENDANTS
(Breach of Contract)**

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs "1" through "49" herein above as if each were more fully set forth herein at length.

51. That Plaintiff has performed and fully complied with all of its obligations to Defendants under the Policy.

52. That Plaintiff caused a timely claim to be filed under the Policy.

53. That Defendants have failed and refused to provide coverage as required under the Policy.

54. That the aforementioned acts of Defendants, as well as other acts yet to be uncovered, constitute breaches of contract.

55. That as a result of the foregoing denial of Plaintiff's claim, Plaintiff has been damaged and demands judgment against Defendants in an amount to be determined at trial, but

believed at this time to exceed the Policy limits, together with interest and the costs and disbursements of this action, including Plaintiff's reasonable attorneys' fees.

**WHEREFORE,** Plaintiff seeks judgment as follows:

**On the First Cause of Action,** Plaintiff has been damaged and demands a declaration of the rights and other legal relations by between Plaintiff and Defendants, and issue a Declaratory Judgment declaring as follows: (a) That the losses sustained by Plaintiff in light of the foregoing are covered losses under the Policy; and (b) That Defendants are obligated to pay Plaintiffs for the full amount of their losses to the extent permitted under the Policy.

**On the Second Cause of Action,** Plaintiff has been damaged and demands judgment against Defendants in an amount to be determined at trial, but believed at this time to exceed the Policy limits, together with interest and the costs and disbursements of this action, including Plaintiff's reasonable attorneys' fees.

Together with Plaintiff's reasonable attorneys' fees, interest, the costs and disbursements of this action, and such other, further, or different relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands Trial by Jury on all issues so triable.

Dated: Mineola, New York  **LEVITT LLP**
      May 12, 2020

_____
By:  Steven L. Levitt, Esq. (SL 3323)
     Trevor M. Gomberg, Esq. (TG 8859)
*Attorneys for Plaintiff*
Brain Freeze Beverage, LLC
129 Front Street
Mineola, New York 11501
(516) 248-9700

## LIMITED LIABILITY COMPANY VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NASSAU         )

**NANCY LEIB** being duly sworn, deposes and says:

I am the Owner and Member of BRAIN FREEZE BEVERAGE LLC, the Plaintiff named in the within entitled action; I have read the annexed VERIFIED COMPLAINT and know the contents thereof, and upon information and belief, believe them to be true.

Deponent further states that the reason this verification is made by deponent and not by the Plaintiff is because said Plaintiff is a domestic limited liability company and deponent is an officer thereof, to wit: Owner and Member.

_____
NANCY LEIB

Sworn to before me this
12th day of May, 2020

_____
Notary Public

TREVOR M. GOMBERG
Notary Public, State of New York
No. 02GO6271277
Qualified in Nassau County
Commission Expires October 29, 2020